# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAURA HILL and JOHNNY HILL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:16CV00444-ERW |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint [ECF No. 16].

**I.      BACKGROUND**

Plaintiffs Laura Hill and Johnny Hill ("Plaintiffs") initiated this lawsuit by filing a petition against Defendant Bank of America, N.A. on December 28, 2015 in the Twenty–First Judicial Circuit Court, in St. Louis County, Missouri [ECF Nos. 1, 1-1]. On April 1, 2016, Defendant removed the action to this Court [ECF No. 1]. On May 12, 2016, Defendant filed a motion to dismiss, alleging Plaintiffs failed to state a claim upon which relief can be granted [ECF No. 10]. On Jun 18, 2016, Plaintiffs filed a first amended complaint [ECF No. 14]. On July 8, 2016, Defendant filed this Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6), seeking to dismiss all counts of Plaintiffs' first amended complaint [ECF No. 16]. For purposes of this Motion to Dismiss, the Court accepts the following facts alleged in Plaintiffs' complaint as true. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

Plaintiffs obtained a loan secured by a mortgage on their real property commonly known

as 2326 Wallis Avenue, St. Louis, Missouri, in St. Louis County, Missouri, ("Real Property") from Defendant. In connection with the loan, Plaintiffs executed a Note on October 12, 2001. On March 18, 2008, Plaintiffs and Defendant entered into a loan modification agreement where Plaintiffs were obliged to pay $830.18 plus interest per month, with the first payment due on May 1, 2008. Plaintiffs continued to make their scheduled monthly payment, after agreeing to the Loan Modification Agreement. When Plaintiffs attempted to make their October 28, 2008 payment, Defendant refused to accept the payment and informed Plaintiffs their loan was in default. Plaintiffs claim they made all the required payments and were not otherwise in default. Further, Plaintiffs claim Defendant failed to apply several payments made by Plaintiffs, including insurance proceeds, to Plaintiffs' loan account. Plaintiffs contacted Defendant several times to urge Defendant to apply the payments to Plaintiffs' loan balance,e but Defendant allegedly never applied these payments. On or about February 23, 2011, Defendant foreclosed on Plaintiff's home. On June 12, 2011, Plaintiffs repurchased the real property for $62,406.00.

In Plaintiffs' Complaint, Plaintiffs allege nine counts against Defendant. In Count I, Plaintiffs allege Defendant wrongfully foreclosed on the real property by refusing Plaintiffs' payments and by failing to properly apply those payments towards the loan balance, despite Plaintiffs making all the required payments and not otherwise being in default at the time of the foreclosure. In Count II, Plaintiffs allege Defendant fraudulently misrepresented Plaintiffs by instructing them to stop making loan payments and assuring Plaintiffs they were eligible for a loan modification. In Count III, Plaintiffs allege Defendant breached the deed of trust in not properly applying payments received from Plaintiffs. In Count IV, Plaintiffs allege Defendant negligently misrepresented Plaintiffs by providing them with false information and instructions. In Count V, Plaintiffs allege a claim of money had and received, where they argue Defendant's

acceptance and retention of Plaintiffs' loan payment was unjust, because Defendant did not properly apply these payments to Plaintiffs' loan balance. In Count VI, Plaintiffs allege Defendant was unjustly enriched since Defendant retained Plaintiffs' loan payments without applying the payments to Plaintiffs' loan balance. In Count VII, Plaintiffs allege Defendant engaged in conversion of funds by diverting money, paid by Plaintiffs for the specific purpose of satisfying monthly mortgage payments, to a different purpose. In Count VIII, Plaintiffs allege Defendant violated the Missouri Merchandising Practice Act ("MMPA") by engaging in unfair practices in not applying Plaintiffs' loan payments to their loan balance and making false promises and misrepresentations to Plaintiffs. In Count IX, Plaintiffs allege Defendant's conduct was grossly negligent, and warrants punitive damages to deter Defendant from like conduct in the future. Plaintiffs request the Court award Plaintiffs compensatory damages in a fair and reasonable amount in the excess of Twenty-Five Thousand Dollars ($25,000) for each count except for Count IX. Defendant now seeks to dismiss all of Plaintiffs' claims pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires plaintiffs to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of Plaintiffs' allegations must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to plaintiffs' allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

Defendant makes multiple arguments in its Motion to Dismiss, where it generally argues each of Plaintiffs' counts in their first amended complaint fails to state a claim for relief. The Court will address each claim individually.

### A. *Plaintiffs' Wrongful Foreclosure Claim – Count I*

In Count I, Plaintiffs allege Defendant is liable for wrongful foreclosure because Defendant did not apply Plaintiffs' payment towards their loan balance and Plaintiffs were not otherwise in default. Defendant asserts Plaintiffs' wrongful foreclosure claim fails because multiple and conflicting allegations in the complaint are inconsistent with and contradictory to Plaintiffs' wrongful foreclosure claim, because the other allegations state Plaintiffs were in default at various times and Defendant had a lawful right to foreclose [ECF No. 17 at 3]. Plaintiffs respond Defendant never had a right to foreclose, because Plaintiffs were up to date on their loan payments and even if they were not, Defendant waived its right to insist on the original payments in the first loan modification and its instructions to Plaintiffs to stop making further payments [ECF No. 20 at 4-5]. Defendant replies Plaintiffs' allegations are too implausible and

4

the timeline of the complaint does not support a theory of waiver.

Under Missouri law, Plaintiffs can pursue a claim in equity as a basis for setting aside a foreclosure sale, or they can let the sale stand and file a tort action to recover damages for wrongful foreclosure. *Dobson v. Mortg. Electronic Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). What constitutes a "wrongful foreclosure" sufficient to set aside a sale differs from what constitutes a "wrongful foreclosure" sufficient to recover damages in tort. *Id.* at 22. Because Plaintiffs only request the Court enter a judgment against Defendant for damages, and not set aside the foreclosure sale, the Court will only examine Plaintiffs' pleading to determine if it states a tort claim for wrongful foreclosure claim.

"[A] plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887 (8th Cir. 2014) (quoting *Fields v. Millsap & Singer, P.C.,* 295 S.W.3d 567, 571 (Mo. Ct. App.2009)).

Plaintiffs, in their complaint, allege their mortgage was not in default when the foreclosure proceeding began [ECF No. 14 at 40]. Plaintiffs also allege they complied with the original and modified deed of trust agreement by making payments in the amount of $830.18 plus interest every month and complied with all obligations pursuant to the deed of the trust. Plaintiffs allege sufficient factual matter, if true, could show there was no default on Plaintiffs' part and Defendant had no right to foreclose at the time foreclosure proceedings were commenced.

Defendant argues Plaintiffs' claims are internally inconsistent and the Court does not need to accept such claims. Parties are allowed to plead alternative and inconsistent theories in their complaints under FRCP 8, and Defendant acknowledges this, but avers Plaintiffs' claims

5

are internally inconsistent with each other and the Court need not accept them. "The liberal policy reflected in Rule 8(d) mandates that courts not construe a pleading 'as an admission against another alternative or inconsistent pleading in the same case.'" *Franke v. Greene*, No. 4:11CV1860 JCH, 2012 WL 3156577, at *5 (E.D. Mo. Aug. 2, 2012) (quoting *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)). Plaintiffs are allowed to plead in the alternative, and the Court does not find these pleadings to be internally inconsistent, other than to the extent they may be alternative pleadings. Adopting Defendant's position would stifle the liberal alternative pleading policy of Rule 8(d). Plaintiffs have stated a claim for wrongful foreclosure, and therefore, the Court denies Defendant's motion with respect to count I.

      B.     *Plaintiffs' Fraudulent Misrepresentation Claims – Count II*

Plaintiffs allege Defendant engaged in fraudulent misrepresentation when Defendant's agent instructed Plaintiffs to not make any payments on their loan while it was being reviewed. [ECF No. 14 ¶¶ 43-48]. Defendant asserts Plaintiffs' claims for fraudulent misrepresentation fail because: (1) Plaintiffs have not pled sufficient facts; (2) the claims are barred by the economic loss doctrine; (3) a misrepresentation cannot relate to expectations and predictions concerning a future event; and (4) Plaintiffs' claims are barred by the statute of limitations. Plaintiffs respond the fraudulent misrepresentation claims should not be dismissed, because, *inter alia*, Plaintiffs have properly pled all elements of fraudulent misrepresentation and have been as specific as possible in their complaint by providing dates and specific names of individuals who made the misrepresentations.

To state a claim for fraudulent misrepresentation, a plaintiff must allege facts to support the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be

6

acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.,* 322 S.W.3d 112, 131–32 (Mo. 2010). "A failure to establish any one of the essential elements of fraud is fatal to recovery." *Verni v. Cleveland Chiropractic Coll.,* 212 S.W.3d 150, 154 (Mo. 2007) (quoting *Jungerman v. City of Raytown,* 925 S.W.2d 202, 204 (Mo. 1996).

Defendant contends Plaintiffs fails to state a claim upon which relief can be granted, because FRCP 9(b) demands a heightened pleading standard for claims of fraud and Plaintiffs fail to meet the standard. Plaintiffs respond they are as specific as possible in their complaint by providing dates and specific names of individuals who made the misrepresentations and Defendant holds Plaintiffs to a heightened expectation of alleging all facts.

Fraudulent misrepresentation claim is subject to the heightened pleading requirements of FRCP 9(b). *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013); *see also Arthur v. Medtronic, Inc.*, 123 F. Supp. 3d 1145, 1149 (E.D. Mo. 2015). FRCP 9(b) provides "a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy the particularity requirement of FRCP 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* (quoting *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8th Cir. 2003)).

Plaintiffs, in their complaint, have failed to state a claim for fraudulent misrepresentation,

7

because they have not plead they relied on Defendant's misrepresentation of an instruction to stop making payments. Plaintiffs allege they were instructed to stop making payments, while their loan was under review. They also allege they had a right to rely on Defendant's representation any funds paid would be applied to their loan balance. Plaintiffs' right to rely is not premised on Defendant's original misrepresentation, but a separate misrepresentation. Further, Plaintiffs allege they continued to make payments "despite this instruction." [ECF No. 14 ¶ 17]. Plaintiffs failed to allege any reliance on Defendant's "stop making payment" instruction, and therefore have failed to state a claim on this misrepresentation.

If Plaintiffs are attempting to plead a claim of fraudulent misrepresentation on the allegations Defendant, in accordance with the loan modification agreement, would remedy the misapplied payments and not proceed with a foreclosure, this claim also fails. Plaintiffs' complaint fails to clearly identify when this misrepresentation happened. Even if the Court construes this misrepresentation as happening "in December and January 2010," pleading a single instance of misrepresentation occurred during a two month time period does not satisfy the particularity requirement of FRCP 9(b)'s "when" element. *See Arthur*, 123 F. Supp. 3d 1145, 1150 (finding plaintiff's allegations do not satisfy Rule 9(b)'s particularity requirement when plaintiff alleges fraudulent misrepresentation happened "in November 2008"). Plaintiffs fraudulent misrepresentation claim on this misrepresentation is not sufficiently plead.

In sum, Plaintiffs fail to plead when Defendant's loan modification eligibility assurance occurred with particularity and therefore, do not meet the heightened pleading standard of FRCP 9(b). Plaintiffs also fail to allege the reliance element for the stop making payment instruction. Because failure of any one element is "fatal" to Plaintiff's claim, the Court need not address the economic loss doctrine and the statute of limitations issue. Accordingly, Plaintiffs' fraudulent

misrepresentation claims will be dismissed without prejudice.

C. *Plaintiffs' Breach of Contract Claim – Count III*

Plaintiffs, in their complaint, allege Defendant breached the deed of trust agreement by failing to apply Plaintiffs' payment to their loan balance. Defendant contends any purported breach of contract alleged by Plaintiffs should be dismissed, because Plaintiffs have failed to plead facts sufficient to a breach of contract claim, because Plaintiffs do not identify any section or paragraph Defendant breached of any contract. Plaintiffs respond the agreement has mutual obligations for both parties, and it was Defendant's duty to apply Plaintiffs' payment to their loan balance. Plaintiffs further respond, even if Defendant contends Plaintiffs were behind in their loan payments, Defendant breaches the deed of trust by not returning Plaintiffs' late payments. Defendant replies, it did not breach the deed of trust by failing to return the Plaintiff's payments because Defendant has the discretion to apply the payments to the most delinquent periodic payment until the payments are current [ECF No. 23 at 9-10].

Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.,* 304 S.W.3d 98, 104 (Mo. 2010).

Plaintiffs allege they entered into the loan modification agreement ("LMA") with Defendant which amended the deed of trust agreement, [ECF No. 14, ¶ 51], Plaintiffs performed or at least tendered to perform pursuant to the LMA by paying the requirement monthly payments, [ECF No. 14 ¶¶ 39-40], Defendant breached the deed of trust agreement by not applying Plaintiffs' payments, [ECF No. 14, ¶ 55], and Plaintiffs suffered damages as the direct

9

and proximate result of the actions of Defendant [ECF No. 14 ¶ 57]. Plaintiffs have pled each of necessary elements for a claim of breach of contract.

Defendant makes the argument because Plaintiffs have failed to identify a specific provision of the contract Defendant breached, Plaintiffs have failed to support a claim. A breach of contract claim does not require the type of specificity at this early stage of the case. *See, e.g., BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 689 (8th Cir. 2003) ("The allegations that BJC had a binding agreement with Columbia, that Columbia breached the agreement, and that BJC suffered injury as a result of the breach, are sufficient to satisfy the requirements of Rule 8(a)."). Plaintiffs have sufficiently pleaded a claim for breach of contract on this basis, and Defendants' motion is denied.

D.  *Negligent Misrepresentation Claim – Count IV*

Plaintiffs, in their Complaint, allege Defendant negligently misrepresented to Plaintiffs by stating: Plaintiffs' loan was under review, Defendant was investigating Plaintiffs' payment, and Plaintiffs should not make any further mortgage payments. [ECF No. 14 ¶ 59]. Defendant asserts Plaintiffs' claim for negligent misrepresentation fails because: (1) Plaintiffs have not pled sufficient facts; (2) the claims are barred by the economic loss doctrine; (3) a "misrepresentation" cannot relate to expectations and predictions concerning a future event; and (4) Plaintiffs' claims are barred by the statute of limitations. [ECF No. 17 ¶ 5]. Plaintiffs respond the negligent misrepresentation claims should not be dismissed, because, *inter alia*, Plaintiffs have properly pled all elements of negligent misrepresentation specifically as possible in their complaint by providing dates and specific names of individuals who made the misrepresentations.

To state a claim for negligent misrepresentation, a plaintiff must allege facts supporting

10

the following elements:

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Renaissance Leasing,* 322 S.W.3d at 134.

The particularity requirements of Rule 9(b) do not apply to a claim of negligent misrepresentation. *First Franklin Financial Corp. v. Advantage Mortg. Consulting, Inc.*, No. 4:07CV1478 JCH, 2007 WL 4454292 (E.D. Mo. Dec. 14, 2007), *citing In re Marion Merrell Dow, Inc.*, No. 92-0609-CV-W-6, 1993 WL 393810 at *13 (W.D. Mo. Oct. 4, 1993); s*ee also Burt on Behalf of McDonnell Douglas Corp. v. Danforth*, 742 F. Supp. 1043, 1051 (E.D. Mo. 1990) ("Plaintiff's theory of reckless or culpable neglect does not involve fraud, and the Court will, therefore, not apply the requirements of Rule 9(b) to plaintiff's pleadings alleging this theory"); *Mounger Const., LLC v. Fibervision Cable Services, LLC.*, No. 211CV00081 ERW, 2012 WL 1745543 (E.D. Mo. Dec. 14, 2007). Thus, Plaintiffs' cause of action for negligent misrepresentation is governed by FRCP 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Accordingly, the Court holds Plaintiffs' negligent misrepresentation claim must comply only with Rule 8(a)'s general pleading requirement.

Plaintiffs' negligent representation claim fails because Plaintiffs never claimed they relied on Defendant's misrepresentations, a required element of such a claim. In fact, Plaintiffs allege they continued to make payments in spite of Defendants misrepresentations. Plaintiff did not allege they relied on any of Defendant's alleged negligent misrepresentations, a required element for negligent misrepresentation claims. *See*, *Stein v. Novus Equities Co.*, 284 S.W.3d

597, 603 (Mo. Ct. App. 2009) (finding Plaintiff did not allege facts which, if proven, would establish plaintiffs took or refrained from taking any action in reliance upon the misrepresentations allegedly made by Defendants preventing a claim of fraudulent misrepresentation). Thus, the Court need not address the economic loss doctrine and the statute of limitations issue. Accordingly, Plaintiffs' negligent misrepresentation claims will be dismissed.

> E. *Plaintiffs' Money Had and Received Claim in Count V and their Unjust Enrichment Claim in Count VI*

Plaintiffs allege in Count V, a claim for money had and received and in Count VI, a claim for unjust enrichment [ECF No. 14 ¶¶ 66–82], and therefore, Defendant's retention of Plaintiffs loan payments is unjust and they are entitled to damages. Defendant moves to dismiss the two counts for failure to state a claim, because Plaintiffs were obliged to make payments to Defendant under the terms of the loan modification agreement, and thus, retention of payments made by Plaintiffs toward their debt was not unjust. Plaintiffs respond Defendant's retention was unjust because it was not using the payments for its intended purpose, to wit, applying to the loan balance.

"To state a claim for money had and received, a plaintiff must allege that '(1) the defendant received or obtained possession of the plaintiff's money; (2) the defendant thereby appreciated a benefit; and (3) the defendant's acceptance and retention of the money was unjust.'" *Superior Edge, Inc. v. Monsanto Co.,* 44 F. Supp. 3d 890, 899 (D. Minn. 2014) (quoting *Pitman v. City of Columbia,* 309 S.W.3d 395, 402 (Mo. Ct. App. 2010)). Similarly, to state a claim for unjust enrichment, the petition must set forth facts demonstrating: "'(1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; (3) that it would be unjust to allow the defendant to retain the benefit.'" *Damon v.*

12

*City of Kansas City,* 419 S.W.3d 162, 192 (Mo. Ct. App. 2013).

Plaintiffs plead Defendant received the benefit of numerous loan payments, such payments were not applied to the loan balance, the intended account for the money, and Defendant's receipt of these payments was thus unjust. [ECF No. 14 ¶ 66–70]. Although, Defendant claims Plaintiffs were in default on their loan, the retention of payments may still be unjust. Plaintiffs' allegations are a short plain statement indicating they are entitled to relief. Accordingly, the Court will deny Defendant's motion to dismiss Count V and VI of Plaintiffs' Complaint.

    *F. Conversion of Funds – Count VII*

Plaintiffs allege in their complaint Defendant engaged in conversion of funds by diverting Plaintiffs' payments "to another, different purpose." Defendant asserts Plaintiffs' claim for conversion of funds fails because conversion is not a proper theory where the claim involves money rather than a chattel, besides, a narrow exception exists where a plaintiff pays a specific amount for a specific purpose, but a defendant diverts the funds. Plaintiffs' case does not fall under this narrow exception. Defendant further asserts Plaintiffs' claim violates the economic loss doctrine, because the underlying relationship between Plaintiffs and Defendant is based on contracts. Plaintiffs respond their case falls under the narrow exception because they claim the payments are of a specific amount and for a specific purpose, to wit, paying the loan, and defendant diverting the funds by using the funds for a purpose different from applying the funds to the loan balance. Plaintiffs further respond the conversion of funds claim is not barred on the economic loss doctrine, because Plaintiffs are damaged by suffering "mental anguish and hardship" in addition to their economic loss. Defendant replies Plaintiffs cannot establish Defendant tortuously took Plaintiffs' payment, because Plaintiffs made payments to Defendant

13

voluntarily to pay their debt.

As noted, "[c]onversion generally is not a proper theory where the claim involves money, as opposed to specific chattel." *Johnson v. GMAC Mortgage Corp.,* 162 S.W.3d 110, 125 (Mo. Ct. App. 2005) (quoting *Express Scripts, Inc. v. Walgreen Co.,* No. 4:08–CV–1915–TCM, 2009 WL 4574198, *4 (E.D. Mo. Dec. 3, 2009)). Missouri law recognizes a "narrow exception," where the plaintiff must have delivered funds to the defendant for a specific purpose and the defendant must have diverted the funds to another and different purpose of the defendant. *Johnson*, 162 S.W.3d at 125 (quoting *Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 817 (Mo. Ct. App. 1982). In *Johnson*, the Court found plaintiff pleading a claim he alleged he made two payments to the mortgagor for the specific purpose of crediting the money to an escrow account, and the Defendant never credited the money to this account was sufficient to plead a claim for conversion. *Johnson*, 162 S.W.3d at 125-126. Similarly, Plaintiffs alleged they delivered loan payments to Defendant in the specific amount of $830.18 plus interest per month for the sole purpose of to be applied to Plaintiffs' loan balance. By allegedly not applying the payments to Plaintiffs' loan balance, Defendant "must have diverted the funds to another and different purpose." Plaintiffs' case fits the narrow exception and conversion is a proper theory for Plaintiffs conversion of funds claim.

Defendants further argue Plaintiff's claim should be dismissed as a result of the economic loss doctrine. The economic loss doctrine bars tort claims where the "substance of [the] claims is for the recovery of losses arising out of the parties' contractual relationships." *CitiMortgage, Inc. v. K. Hovnanian American Mortg., L.L.C.,* No. 4:12CV01852–SNLJ, 2013 WL 5355471 (E.D. Mo. Sept. 20, 2013) (quoting *Dubinsky v. Mermart*, *LLC*, No. 4:08–CV–1806–CEJ, 2009 WL 1011503, *6 (E.D. Mo. Apr. 15, 2009)). Here, the parties' underlying relationship is based on

loan agreements and is contractual in nature. Defendant's failure to apply Plaintiffs' payments to their loan balance allegedly breached its contractual duty in the Agreement.

"The economic loss doctrine prohibits tort recovery for economic loss, which is defined as loss resulting from a product failure when there is no personal injury or damage to other property." W. Dudley McCarter, *Economic Loss Doctrine: Is Privity Required?*, 53 J. Mo. B. 23 (1997). "It is the law in Missouri ... that recovery in tort for purely economic damage is limited to those cases where there is personal injury, damage to property, other than that sold, or destruction of the property sold due to some violent occurrence." *Wilbur Waggoner Equip. and Excavating Co. v. Clark Equip. Co.*, 668 S.W.2d 601, 603 (Mo. Ct. App. 1984). Plaintiffs have pleaded mental anguish damages, in addition to pecuniary damages. Plaintiffs may recover damages for mental anguish under a theory of conversion. *Young v. Mercantile Trust Co. Nat'l Ass'n,* 552 S.W.2d 247, 250 (Mo. Ct. App. 1977) (a conversion claim for damages for the alleged detriment to plaintiff's reputation in the economic community) (internal quotation marks omitted) (quoting *Condos v. Associated Transports, Inc.,* 453 S.W.2d 682, 688 (Mo. Ct. App. 1970), *abrogated on other grounds Fleischmann v. Mercantile Trust Co. Nat'l Ass'n,* 617 S.W.2d 73, 74 (Mo. 1981)). Plaintiffs have pleaded a claim for damages beyond that of just pecuniary damages, and therefore the economic loss doctrine does not apply. Plaintiffs have sufficiently stated a claim, which if true, would entitle them to relief.

    *G. Action under the Missouri Merchandising Practices Act*

In Plaintiffs' complaint, they allege Defendant violated the MMPA by not applying certain insurance proceeds and mortgage payments to Plaintiffs' loan balance, and making false promises and misrepresentations to Plaintiffs, when Defendant, in its correspondence to Plaintiffs, indicated their mortgage was under review, they were eligible for another loan

modification, and the funds were being applied to their mortgage. [ECF No. 14 ¶¶ 95-96]. Defendant argues Rule 9(b) applies to Plaintiffs' MMPA claim, and Plaintiffs fail to meet the heightened pleading standard. Plaintiffs respond they plead all elements of a MMPA violation, the type of specificity argued by Defendant is not what is required in an initial pleading, and Defendant is in the superior position to provide specified information. Defendant replies Plaintiffs failed to allege any specific facts supporting causation and the existence of any ascertainable loss resulting from the alleged MMPA violation.

The MMPA prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise . . ." Mo. Rev. Stat. § 407.020. Rule 9(b) states the applicable standard of pleading for claims made under the MPPA. *See Robbe v. Webster University*, 98 F. Supp. 3d 1030, 1034 (E.D. Mo. 2015); *see also Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11-cv-00010, 2011 WL 1326660 at *3 (W.D. Mo. Apr. 6, 2011).

As discussed earlier on Plaintiffs' fraudulent misrepresentation claim, under Rule 9(b), "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *United States ex rel. Joshi,* 441 F.3d 552, 556 (8th Cir. 2006). Here, Plaintiffs' complaint alleges sufficient facts regarding the "who, what, where, when, and how" of Defendant alleged violation of the MMPA by not applying certain insurance proceeds and mortgage payments to Plaintiffs' loan balance. Plaintiffs state the dates for the violation on failure to apply their payments are March 19, 2008, July 29, 2010, and for a period of time from December 2009 to January 2010 [ECF No. 14 ¶¶ 7-32]. It is not necessary for Plaintiffs to state the name of the specific individual who allegedly failed to apply Plaintiffs' payments to Plaintiffs' loan account or the location of

such failure, because the name of the individual and the location are not relevant to the claim and it will subject Plaintiffs to an unreasonable burden of having knowledge of the Defendant's internal operation.

To state a claim under the MMPA, Plaintiff must show that (1) she purchased the merchandise in question; (2) she purchased the merchandise for personal, family, or household use; (3) she suffered an ascertainable loss; and (4) the ascertainable loss was the result of an unfair practice. *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1011-12 (E.D. Mo. 2014). Defendant's alleged false promises and misrepresentations did not cause the Plaintiffs' loss, to wit, the consequences of the foreclosure, including the repurchase of the Real Property [ECF No. 14 ¶ 98]. Plaintiffs have alleged there was an ascertainable loss based on the payments they made, which were improperly applied. Plaintiffs, at this stage, are not required to know the ins and outs of Defendant's inner workings and have alleged sufficient information regarding the payments they have made in accordance with their agreements. The loss was the result of Defendant's alleged failure to apply Plaintiffs' payments to their loan balance. The Court will not grant Defendant's motion to dismiss Plaintiffs' MMPA claim on Defendant's failure to apply payments to Plaintiffs' loan balance.

*H.     Punitive Damages*

Plaintiffs, in Count IX, assert a claim for punitive damages. Defendant argues Plaintiffs' count for punitive damages should be dismissed because Missouri does not recognize a standalone cause of action for punitive damages, as any request for punitive damages must be brought in conjunction with a claim for actual damages. Plaintiffs respond the punitive damages claim is brought in conjunction with eight separate claims for actual damages in their Complaint.

"A punitive damage claim is not a separate cause of action, it must be brought in conjunction with a claim for actual damages." *Misischia v. St. John's Mercy Med. Ctr.,* 30 S.W.3d 848, 866 (Mo. Ct. App. 2000); *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 526 (Mo. Ct. App. 2007) (finding where plaintiffs failed to prove an underlying cause of action supporting a punitive damages award, the award in the judgment was reversed). "There is no independent cause of action for punitive damages under either federal or Missouri law." *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009) (quoting *Reed v. Bd. of Trs. of Columbia College,* No. 07–04155–CV–C–NKL, 2008 U.S. Dist. LEXIS 105167, at *41 (W.D. Mo. Dec. 31, 2008)). "In Missouri, punitive damages do not and cannot exist as an independent cause of action; they are mere incidents to the cause of action and can never constitute the basis thereof." *Hurley v. Smithway Motor Express,* No. 4:05CV901, 2006 U.S. Dist. LEXIS 76095, at *5 (E.D. Mo. Oct. 19, 2006); *Jackson*, 2009 WL 1310064, at *3 (finding where a count failed to allege any claim for actual damages, any independent cause of action included within the allegations of that count, was redundant and properly dismissed).

> "The request for punitive damages need not be plead in a separate count, but it must nevertheless appear from the complaint, either by direct averment or from necessary inference, that the act occasioning the damages was done maliciously or was the result of the willful misconduct of the defendant or of that reckless indifference to the rights of others which is equivalent to an intentional violation of them, at least where the wrongful act does not in itself imply malice."

*City of Greenwood v. Martin Marietta Materials, Inc.*, 299 S.W.3d 606, 627 (Mo. Ct. App. 2009) (internal citations omitted); *Bower v. Hog Builders, Inc.,* 461 S.W.2d 784, 798 (Mo. 1970); *Brown v. Payne,* 264 S.W.2d 341, 345 (Mo. 1954).

While punitive damages must not be brought in separate or independent causes of action, they may be pleaded as separate counts. Therefore, the proper inquiry is not whether Plaintiffs

pleaded their punitive damages as separate counts, because they clearly did, but if they pleaded the punitive damages as separate or independent causes of action.

In each count, from Counts I through VIII, Plaintiffs have plead a claim for actual damages and incorporated all counts into Count IX through incorporation by reference. [ECF No. 14 ¶ 99]. Therefore, in connection with Defendant's other counts, the independent punitive damage count is not a standalone cause of action and will not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' first amended complaint [ECF No. 16] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Counts II, and IV are DISMISSED, without prejudice.

**IT IS FURTHER ORDERED** that Defendant's motion is DENIED in all other respects.

Dated this 1st Day of November, 2016.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE